UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JASON VALE,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

---------------------------------------------------------------x

**MEMORANDUM & ORDER**
10-CV-4270 (MKB) (LB)

MARGO K. BRODIE, United States District Judge:

Currently before this Court are two motions made by *pro se* Plaintiff Jason Vale, seeking (1) an additional sixty-day period to file his expert disclosures, and (2) leave to file a second amended complaint. For the reasons set forth below, Plaintiff's motion for an additional sixty-day period to file his expert disclosures is granted and his motion to file a second amended complaint is denied.

The Court assumes familiarity with the relevant facts and the procedural history of this litigation.

### I. Additional Time to File Expert Disclosures

By order dated February 4, 2013, Magistrate Judge Lois Bloom denied Plaintiff's seventh request for additional time to file his expert disclosures. (Docket Entry No. 41.) In doing so, Judge Bloom noted that the deadline for completing discovery was initially set for December 15, 2011. (*Id.*) Since then, Judge Bloom extended the deadline to March 15, 2012, May 28, 2012, September 17, 2012 to accommodate Plaintiff's then new counsel, November 16, 2012, November 28, 2012 and January 28, 2013. (*Id.*) Plaintiff was directed to serve his expert

disclosures by January 28, 2013 and the parties were to complete discovery by April 1, 2013. (*Id.*) In her order granting Plaintiff until January 28, 2013 to file his expert disclosures, Judge Bloom informed Plaintiff that "[n]o further request for an extension shall be considered." (*Id.*)[1] Despite the numerous extensions and the order indicating that no further requests "shall be considered[,]" Plaintiff filed a motion on January 1, 2013 seeking an additional sixty-day period. That request was denied by Judge Bloom on February 4, 2013. In her February 4, 2013 order, Judge Bloom noted that "Plaintiff has had more than ample time and opportunity to conduct discovery." (Docket Entry # 41.) Plaintiff's motion for reconsideration was denied by Judge Bloom on February 28, 2013. (Docket Entry # 46.) By motion filed on March 7, 2013, Plaintiff appealed Judge Bloom's order denying his motion for reconsideration. (Docket Entry # 48.)

This Court agrees with Judge Bloom that Plaintiff has had "more than ample time and opportunity to conduct discovery." However, in view of Plaintiff's claim that his "medical condition" was in part responsible for his inability to comply with Judge Bloom's orders, this Court will grant Plaintiff's request. Plaintiff is granted until May 13, 2013 to file his expert disclosures. Plaintiff is forewarned that this Court will not grant any further extensions *for any reason*.

In view of the Court's decision to grant Plaintiff's request for additional time to file his expert disclosures, the Court makes the following changes in the summary judgment motion schedule. The government is required to serve its moving papers on or before May 28, 2013.

---

[1] Although Plaintiff is currently proceeding *pro se*, Plaintiff was represented at the time Judge Bloom issued her order extending Plaintiff's deadline to January 28, 2013. In his January 1, 2013 letter to the Court, Plaintiff informed Judge Bloom that after Judge Bloom's last order, he discharged his attorney and decided to proceed *pro se*, but renewed his application to the court for *pro bono* counsel. (Docket Entry # 40.)

Plaintiff is required to serve his response on or before June 28, 2013, and the government's reply, if any, is due on or before July 12, 2013.

## II. Motion to File Second Amended Complaint

On February 19, 2013, Plaintiff filed a motion for leave to file a second amended complaint to add a cause of action against the Defendants claiming that they were negligent when "(1) they transferred him from a medical to a non-medical facility, (2) for failing to keep track of his medical complaints, and (3) effectively allowing and/or permitting defendants to ignore developing medical problems which plaintiff was suffering from." (Docket Entry # 44 ¶ 16.) Plaintiff's application to amend his complaint to add these claims is denied. Such an amendment would be futile for the reasons set forth in the March 7, 2013 response from Defendant. (Docket Entry # 47.) In addition, Plaintiff seeks to amend the complaint on the eve of summary judgment motions which is prejudicial to the Defendant.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for an additional sixty-day period to file his expert disclosures is granted and his application to file a second amended complaint is denied.

SO ORDERED:

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: March 8, 2013
Brooklyn, New York